# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| **NORTHSIDE I.S.D.** | § | |
| | § | |
| **v.** | § | |
| | § | SA-12-CV-746-XR |
| **CATERPILLAR, INC. AND HOLT TEXAS, LTD.** | § | |

### ORDER

On this day came on to be considered Plaintiff's motion to remand (docket no. 4).

### Allegations in Plaintiff's Petition filed in State Court

Northside alleges that between December 2007 and January 2008, it purchased 25 Blue Bird buses from Capital Bus Sales and Service of Texas, Inc. It further alleges that the buses were outfitted with diesel engines manufactured by Caterpillar and that the buses were maintained by Holt. Plaintiff's Original Petition at ¶ 7. The school district further alleges that in August 2008, Caterpillar issued a recall because a fuel pump plug could crack and cause fuel to spray and leak. In response to the recall, Plaintiff alleges that the buses were sent to Holt for repair of the fuel line defect. Id. at ¶ 8. Plaintiff further alleges that on August 22, 2010, after dropping off children from an elementary school, a bus caught fire, resulting in a total loss and that the fire was caused by the product failure. Id. at ¶ 11.

On September 20, 2010, Plaintiff alleges that Caterpillar issued a safety recall program for replacing certain cylinder fuel lines. Id. at ¶ 12. The buses were again sent for repair at some point after the 2010 recall, but another bus caught fire, causing damage to the engine. Id. at ¶ 13. Because 2 of the 25 buses experienced "thermal events", the school district removed the remaining 23 buses from service. Id. at ¶ 14. Plaintiff alleges that its investigation of the

remaining buses reveals that they continue to experience fuel leaks, it has notified Caterpillar of the ongoing problems, and Caterpillar refuses to correct the problems. Id. at ¶ 14.

### Removal to Federal Court

Defendants removed this case alleging diversity jurisdiction. It is uncontested that the amount in controversy exceeds $75,000. In addition, it is uncontested that Caterpillar is not a citizen of Texas. Plaintiff argues that Holt Texas, Ltd is a citizen of Texas and therefore complete diversity does not exist. The only issue in this case is whether Holt was improperly joined. Defendants argue that Plaintiff has failed to establish a cause of action against Holt.

### Causes of Action Pled

With regard to Defendant Holt, Plaintiff asserts a claim for breach of contract ("NISD and Holt Cat entered into a contract to properly repair the Buses pursuant to the recalls issued by Caterpillar…. Holt Cat breached the contract when it failed to properly maintain and/or repair the Buses as it was contracted to do." Orig. Pet. at ¶ 30); breach of warranty ("Holt Cat sold services to NISD. The services consisted of the repair and modification of the Buses. Holt Cat failed to perform its services in a good and workmanlike manner…." Id. at ¶ 31); violations of the DTPA (""made false and misleading representations to NISD as to the service and modifications made by Holt Cat on the Buses." Id. at ¶ 32); fraud ("Holt Cat made material representations to NISD as to the services and modifications done by Holt Cat on the Buses" Id. at ¶ 35); negligence (negligently serviced and maintained the buses and failed to test the buses to ensure the design provided reasonable occupant protection)(Id. at ¶ 36); negligent misrepresentation ("Holt Cat supplied false information to NISD claiming that the Buses had been properly fixed." Id. at ¶ 37).

## Analysis

District courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332. It is undisputed that the matter in controversy exceeds $75,000; thus whether diversity jurisdiction exists over the state law claims hinges on whether Holt's presence in the action destroys diversity.

In their notice of removal and their response to the motion to remand, the defendants argue that there is no reasonable basis for the Plaintiff to recover from Holt.

The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Id.* Thus, "the focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case." *Id.* The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003)). Only the second factor is applicable in this case.

Under the second factor, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be

able to recover against an in-state defendant." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). "[A]ny contested issues of facts and any ambiguities of state law must be resolved in the [non-removing party's] favor." *Id.* at 249 (citation omitted). "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Church v. Nationwide Ins. Co.*, No. 3:10–CV–636, 2011 WL 2112416, *2 (S.D. Miss. May 26, 2011) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see Williams v. Brown*, No. 3:11–CV–273, 2011 WL 3290394, *3 (S.D .Miss. July 28, 2011) ("Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction.") (quotation marks and citations omitted).

Holt argues that Plaintiff's petition "asserts no specific actionable facts against Holt and requires the imaginative reader to hypothesize how Holt *may* be liable to NISD." The Court disagrees. As stated above, Plaintiff pled Holt Cat and NISD entered into a contract to properly repair the Buses pursuant to the recalls issued by Caterpillar and that Holt Cat breached the contract when it failed to properly maintain and/or repair the buses. Holt denies that it entered into any contractual arrangement, but the Court does not engage in an evaluation of the merits at this stage. Holt also argues that the contract claim is fatally deficient for lack of specificity. The Court disagrees. When taken in context with the factual background of the petition, the cause of action pled informs Holt that a contract was entered into for the repair of the buses, that Holt failed to properly repair the buses, and that damages ensued.

Alternatively, Plaintiff pled a breach of warranty claim ("Holt Cat sold services to NISD. The services consisted of the repair and modification of the Buses. Holt Cat failed to perform its services in a good and workmanlike manner…." Id. at ¶ 31). Holt again argues that the cause of

action fails to explain "how, or in what manner, Holt did not perform such alleged services or modifications in a good and workmanlike manner." The Court disagrees. Again reading the factual background with the cause of action pled, it is readily apparent that the school district is arguing that the buses were taken to Holt for repair and that they later caught on fire.

Holt argues that the DTPA and fraud claims are deficient because the "false and misleading representations" are not identified with specificity. This argument may have merit and may be cured by special exceptions argued at the state court upon remand.

With regard to the negligent misrepresentation claim ("Holt Cat supplied false information to NISD claiming that the Buses had been properly fixed."), Holt argues that it is a "bare conclusory statement without any factual basis in the Petition. Moreover, alleging that Holt claimed the buses were properly fixed is entirely elusive and does not equate to a representation that the buses were not defective or did not contain fuel leaks. In any event, because NISD has taken the buses out of service, it has no basis to conclude that it relied on any purported representation of Holt which caused NISD injury." These meritless arguments need not be analyzed further by this Court.

Plaintiff has established one or more causes of action against Holt and thus Holt was not improperly joined. This Court lacks diversity jurisdiction and accordingly Plaintiff's motion to remand is granted pursuant to 28 U.S.C. § 1447(c), (d). Should Plaintiff desire to pursue attorney's fees incurred because of the removal and necessity of filing a motion to remand, Plaintiff should file an affidavit in support of such application within fourteen days.

## Conclusion

Plaintiff's motion to remand (docket no. 4) is GRANTED. It is therefore ORDERED that this case be REMANDED to the 45th District Court of Bexar County, Texas.

It is so ORDERED.

SIGNED this 19th day of October, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE